## CRAIG v. KITTREDGE.

The testimony of the wife of one defendant in equity, is not admissible upon a question of fact, in which all the defendants are jointly interested.

IN EQUITY. The bill was brought to compel the defendants, who were the heirs of Nehemiah Kittredge, deceased, to release to the plaintiff, the wife, certain real estate, which was said to have been omitted by mistake in a deed from the deceased to the wife. The defendants claim the land as heirs of Nehemiah Kittredge, and by their joint answer deny that there was any mistake.

In taking the proofs before the commissioner, one of the defendants offered to examine as a witness the wife of the other, and asked that it might be considered so far as he was concerned. But the commissioner declined the examination.

*B. F. Emerson*, for the defendants.

*G. W. Morrison*, for the plaintiffs.

GILCHRIST, C. J. It sometimes happens that the various persons who are necessarily made defendants in suits in equity, have not a common interest in each and every contested point that arises in the cause, and that, therefore, one may, on leave had, be examined in behalf of the other. Gresley Eq. Ev. 242, 243.

But here the question is whether the deceased, under whom the two defendants claim as mere volunteers, did through mistake omit to convey the land which he was equitably bound to convey, to the wife of Craig. If so, for aught that appears, the defendants are bound by the same equity. The charge is indivisible, and attaches to the land, and the interest of the defendants is joint. It is

Craig *v.* Kittredge.

therefore clear that the wife of either of them is an incompetent witness, upon a well founded principle of evidence common to equity and law. Gresley Eq. Ev. 40, 245. Had the commissioner, therefore, proceeded to take the examination of the witness, the testimony could not have been used. And this disposes of the only question understood to have been submitted. The evidence was properly rejected.